Hat, Judge,
delivered the opinion of the court:
The plaintiff was a captain in the Navy, and during the period to which this suit refers was naval attache in the embassy of the United States at Rio de Janeiro, Brazil. He brings this action to recover the cost incurred by him in procuring the payment of some of his checks, alleging that by reason of the rate of exchange he received $2,444.11 less than he would have received if his checks had been paid in United States dollars.
We are of opinion that the plaintiff can not recover. The accounting officers of the Government have uniformly held that when ah officer or employee of the Government has been paid by a Government check drawn by a disbursing officer such officer or employee has received his salary in the manner provided by law, and that the manner of securing payment of the check is one for his action in such manner as he thinks best and at his own expense, if any *415 expense is involved. Section 3620, Revised Statutes, 22 Decisions of Comptroller, 341.
In the present case the officer of the Navy in Brazil received checks through a series of years; some of these he cashed at banks in Rio de Janeiro, some he deposited in banks in New York City. These checks were drawn on the Treasurer of the United States. This is the manner which was prescribed by law for the payment of this officer; there is no law which provides that he shall be reimbursed for any loss which he may have sustained by reason of the rate of exchange, nor does the Government undertake to reimburse him for any expense which he may have been put to in cashing his checks. The real loss or expense, if any, can not be calculated, for the evidence is most conflicting. But at all events it is not denied that the rate of exchange varied from day to day; nor can the plaintiff with any certainty point out on what day or days his various checks were cashed by or sold to the banks. It must follow that no relief can be given the plaintiff here, and his petition must be dismissed. It is so ordered.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.